**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------X
HARTFORD LIFE INSURANCE COMPANY,

                       Plaintiff,

      -against-

KATHRYN EINHORN, as Executrix of the Estate
of CLAIRE A. MEHRING, deceased, KATHRYN
EINHORN, individually, CHRISTOPHER
MEHRING, EDMOND MEHRING, and
MAUREEN CURRAN,

                       Defendants.
----------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
04 CV 2738 (ADS) (WDW)

**APPEARANCES:**

**SEDGWICK, DETERT, MORAN & ARNOLD LLP**
Attorneys for Hartford Life Insurance Company
125 Broad Street, 39th Floor
New York, NY 10004
      By:    Michael H. Bernstein, Esq.
              Colleen Anne DeNoto, Esq., of Counsel

**RANDY M. STEIN**
Attorney for Kathryn Einhorn, Individually, and
Co-Counsel for Kathryn Einhorn, as Executrix of
the Estate of Claire A. Mehring
170 Old Country Road
Mineola, New York 11501

**CARLUCCI & LEGUM, LLP**
Co-Counsel for Kathryn Einhorn, as Executrix of
the Estate of Claire A. Mehring
170 Old Country Road
Mineola, New York 11501
      By:    Steven G. Legum, Esq., of Counsel

**CHRISTOPHER MEHRING**
Defendant <u>Pro Se</u>
16 Aberdeen Lane
Huntington, New York 11743

**EDMOND MEHRING**
Defendant <u>Pro Se</u>
27 Tomac Avenue
Old Greenwich, Connecticut 06870

**MAUREEN CURRAN**
Defendant <u>Pro Se</u>
7 Abbot Rd.
Smithtown, New York 11787

**SPATT, District J.**

The plaintiff Hartford Life Insurance Company ("Hartford" or the "plaintiff") brought this action against Kathryn Einhorn, as Executrix of the Estate of Claire A. Mehring, deceased (the "Estate"), Kathryn Einhorn individually ("Kathryn Einhorn"), Christopher Mehring, Edmond Mehring, and Maureen Curran (collectively, the "<u>pro se</u> defendants") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 <u>et seq.</u>("ERISA") , and the federal interpleader statute, 28 U.S.C. § 1335. Kathryn Einhorn and Maureen Curran are nieces of Claire A. Mehring (the "decedent"); Edmund P. Mehring and Christopher Mehring are nephews of the decedent.

The plaintiff seeks an order (1) authorizing and directing the plaintiff to deposit the proceeds of a group life insurance policy it issued into the Court registry

2

pursuant to Rule 67 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); (2) requiring the defendants to interplead and settle between themselves their conflicting claims to the sum to be deposited with the Court and discharging the plaintiff of any potential future liability with respect to that sum pursuant to 28 U.S.C. § 1335; and (3) enjoining the defendants from instituting or prosecuting any proceeding in any Court affecting the proceeds of the life insurance policy or the policy itself without further order of the Court pursuant to 28 U.S.C. § 2361. The Estate and the pro se defendants have filed separate counter-claims against the plaintiff. By their counter-claims, the pro se defendants seek an order from the Court directing the plaintiff to disburse the life-insurance policy benefits to them pursuant to the decedent's original beneficiary designation form; the Estate seeks an order directing the payment of the benefits to it in accordance with a purported later-executed beneficiary change form.

Presently there are two motions before the Court. The plaintiff has made a motion for an Order (1) granting it summary judgment pursuant to Fed. R. Civ. P. 56 and dismissing all counterclaims against it; (2) permitting it to deposit the sum of $50,000 into the Registry of the Court pursuant to Fed. R. Civ. P. 67; and (3) enjoining the defendants from instituting or prosecuting any state or federal proceeding affecting the $50,000 without leave of this Court pursuant to 28 U.S.C. § 2361. Only the pro se defendants oppose this motion.

The Estate has made a cross-motion for summary judgment directing that the proceeds of the insurance policy underwritten by the plaintiff be paid to Kathryn Einhorn, as executrix of the estate of Claire A. Mehring. The plaintiff takes no position concerning the merits of the other defendants' competing claims to the life insurance policy benefits. However, the plaintiff opposes the Estate's motion for summary judgment to the extent that it believes that an order directing it to pay the life insurance benefits to the Estate will cause it to remain subject to the competing claims of the pro se defendants and to remain in this litigation. The pro se defendants have not filed any formal opposition to the Estate's motion, although it is clear that they do disagree with the position of the Estate.

I. BACKGROUND

Unless otherwise noted, the following facts are not in dispute. The plaintiff had in force a group life insurance policy issued to Swiss Re American Holding Corporation ("Swiss Re") as a policy holder (the "Policy"). The Policy afforded life insurance coverage to eligible employees of Swiss Re. The decedent was employed by Swiss Re from an unspecified date until the time of her retirement on June 30, 1995. Before the decedent retired on June 30, 1995, she was covered under the Policy as an "employee" of Swiss Re. After her retirement in 1995, the decedent became covered under the Policy as a "retired employee." As a retired employee, the decedent retained life insurance benefits under the Policy. However, the decedent's benefits

were less than her benefits before she retired, and were subject to certain yearly reductions. As of July 1, 1999, the decedent's retirement benefits entitled her to twenty-five percent of her benefits at the time of her retirement. When she retired, the decedent's benefits equaled $200,000. Thus, on July 1, 1999, the decedent's benefit was $50,000. Under the terms of the Policy, this $50,000 represented the minimum amount that the decedents insurance benefits could be reduced to.

On June 25, 2003, Claire A. Mehring died. In the probate proceeding in the Surrogate's Court of Suffolk County, a dispute arose between the Estate and the pro se defendants regarding the proper distribution of the life insurance funds from Hartford. The pro se defendants claim to be entitled to the insurance proceeds under the decedent's initially executed beneficiary designation form signed by the decedent and dated December 12, 1991 (the "Original Designation"). The Original Designation indicates that Kathryn Mehring Einhorn, Edmund P. Mehring, Christopher T. Mehring, and Maureen Mehring Curran are each twenty-five percent beneficiaries of the Policy. Thus, under the Original Designation, the pro se defendants would each be entitled to $12,500.

The Estate contends that it is entitled to one-hundred percent of the proceeds of the Policy pursuant to a subsequently executed, although undated, change of beneficiary form (the "Beneficiary Change"). Apparently, if the proceeds of the Policy are paid to the Estate, the decedent's will would dictate that these monies pass

5

to the pro se defendants in percentages different from those delineated by the Original Designation. Under the Beneficiary Change, Kathryn Einhorn is entitled to fifty-percent of the sum, and the remaining beneficiaries would get some amount less than the twenty-five percent that they would be entitled to under the Original Designation.

On June 30, 2004, the plaintiff commenced this action, seeking to deposit the proceeds of the Policy with the Court and to be excused from further involvement in the defendants' resolution of their competing claims.

## II. DISCUSSION

### A. Summary Judgment Standard

A motion for summary judgment should be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2550, 91 L. Ed. 2d 265 (1986). The moving party bears the burden of establishing the absence of a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). Once the moving party demonstrates that no material facts are genuinely in dispute and that it is entitled to judgment as a matter of law, "the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.' " Weinstock v. Columbia University, 224 F.3d 33, 41 (2d Cir. 2000) (citing Anderson, 477 U.S. at

256, 106 S. Ct. 2505); Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990)(quoting Fed. R. Civ. P. 56(e)).

By Local Rule, "any represented party moving for summary judgment against a party proceeding pro se shall serve and file as a separate document, together with the papers in support of the motion, a 'Notice To Pro Se Litigant Opposing Motion For Summary Judgment.' " Local Rule 56.2. The purpose of this rule is to ensure that a party acting pro se understands its burden in responding to a motion for summary judgment, and the consequences of failing to do so. The failure to include a Rule 56.2 Statement with a motion for summary judgment is grounds for the denial of the motion if it is not otherwise clear from the record that the pro se litigant understood the nature of the summary judgment motion. See Vital v. Interfaith Medical Ctr., 168 F.3d 615, 620-21 (2d Cir.1999); M.B. # 11072-054 v. Reish, 119 F.3d 230, 232 (2d Cir. 1997). In this case, there is no indication on the electronic docket or in the courtesy copies provided to the Court that the Estate ever served the pro se defendants with the required Rule 56.2 Notice.

**B. Interpleader**

The federal interpleader statute is a remedial device "designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." Fidelity Brokerage Servs., LLC v. Bank of China, 192 F. Supp. 2d 173, 177

7

(S.D.N.Y. 2002) (citing Wash. Elec. Coop. v. Paterson, Walke & Pratt, P.C., 985 F.2d 677, 679 (2d Cir. 1993)); Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 1704 (3d ed. 2001). Under the interpleader statute, the District Court is empowered to determine disputes involving adverse claims to a common fund of more that $500 by parties of minimally diverse citizenship, when the common fund is being held by a neutral stakeholder. 28 U.S.C. § 1335; Mendez v. TIAA/CREF, 982 F.2d 783, 787 (2d Cir. 1992). Interpleader actions are generally conducted in two steps. First, the Court must determine whether the pre-requisites for an interpleader action, noted above, are satisfied. If those conditions are met, the Court will adjudicate the adverse claims of the defendant claimants. See N.Y. Life Ins. Co. v. Conn. Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1983); Am. Int'l Life Assurance Co. of N.Y. v. Vasquez, No. 02 Civ. 0141(HB), 2002 WL 31059296, at *2 (S.D.N.Y. Sept. 16, 2002).

    **C.**    **As to Hartford's Motion**

The requirements of the interpleader statute are satisfied in this case. A fund of $50,000 is being held by Hartford, a neutral party taking no position as to the proper disbursement of those funds. The proceeds of the policy exceed $500 and, according to the allegations of the complaint, the defendant Edmond Mehring is of citizen of the State of Connecticut while the remaining defendants are citizens of the State of New York. Thus, the claimants to the fund satisfy the minimal diversity

requirement of the interpleader statute. 28 U.S.C. § 1335 (requiring "Two or more adverse claimants, of diverse citizenship"); see also N.Y. Life Ins. Co. v. Conn. Dev. Auth., 700 F.2d 91, 95 n.5 (2d Cir. 1983). Based on consideration of these factors alone, Hartford should be permitted to deposit the proceeds of the decedent's life insurance policy with the Court and be excused from this matter.

On June 15, 2006, a conference was held on the record to clarify certain issues regarding the parties' motions for summary judgment. As this conference, the pro se defendant Maureen Curran indicated that (1) she was uncertain as to whether the Policy constituted the entirety of Hartford's liability to the decedent; and (2) she believed that Hartford had engaged in fraud. Based on these accusations, the Court reserved decision as to whether Hartford would be permitted to deposit the disputed funds with the Clerk of the Court.

In order to resolve any ambiguity with regard to Hartford's liability to the decedent, the Court directed the plaintiff to provide written certification that it held no other insurance policy covering the decedent, and that no other monies had previously been paid as a result of the decedent's death.

On June 22, 2006, the Court received the "Certification of Natalie Green." Green is employed by Hartford as "Team Leader in the Group Life Claims Unit." Green certified that: (1) Hartford's only liability to the decedent was under the group life insurance policy issued to Swiss Re; the total amount of liability under the Policy

9

is $50,000; Hartford holds no other policies under which the decedent is entitled to benefits; and that life insurance benefits under the Policy in the amount of $50,000 have not been paid to any other person or designated beneficiary of the decedent. Ms. Green's Certification is sworn and signed by a notary.

Regarding the pro se defendants' allegation of fraud, the Court directed Maureen Curran to provide a letter to the Court which specifies the basis for her belief that the plaintiff has committed fraud. The Court indicated that if it did not believe there was anything of substance in the plaintiff's letter and if it received the certification requested from Hartford, it would direct the plaintiff to deposit the $50,000.

On June 29, 2006, Maureen Curran filed a letter with the Court explaining the basis for her allegations of fraud on the part of Hartford. The letter from Curran is neither sworn to nor signed by a notary. After a review of the letter from Curran, the Court finds that her allegations that Hartford engaged in fraud are without merit.

Most of Curran's letter addresses conduct of parties other than Hartford, or attempts to argue the merits of the pro se defendants' claim that the decedent's purported Beneficiary Change is invalid. The only allegation in the letter regarding Hartford worthy of discussion is Curran's claim that Hartford has misrepresented the fact that it conducted an expert handwriting comparison of the decedent's signature

appearing on the Original Designation with the decedent's signature appearing on the Beneficiary Change.

In an affidavit in support of the plaintiff's motion for summary judgment, Green states that "Hartford retained a handwriting expert in or about December 2003, to compare the authorship of decedent's signature on her initial Beneficiary Form versus her signature on the undated Beneficiary Change. The handwriting analysis confirmed that Claire A. Mehring was the same author on both beneficiary forms." Affidavit of Natalie Green ("Green Aff."), ¶ 12.

The pro se defendants contend that this statement is false because a representative of Swiss Re had previously informed Hartford that the originally executed Original Designation could not be located. Thus, they contend that no comparison could be done with regard to the signatures on the Original Designation and Beneficiary Change. Literally speaking, the pro se defendants are correct. Hartford appears to have been advised by Swiss Re that it could not locate the decedent's Original Designation. See Green Aff. Ex. B ("Summary Detail Report") at 3 ("Advised [Swiss Re] that I received the original of the second bene[ficiary] designation. She does not have, nor could she find, the original of the first bene[ficiary] designation."). However, upon learning that Swiss Re could not locate the Original Designation, Hartford requested, and was provided, other documents containing an original signature of the decedent.

In place of the Original Designation, Hartford provided a handwriting analysis expert with a document entitled "Swiss Re Group U.S. Employees' Savings Plan - Notice of Termination" that bore the decedent's original signature. See Green Aff. Ex. B (Signature Examination by Northeast Forensic Consulting). The expert compared the decedent's signature on this other document to the decedent's signature on the Beneficiary Change. The handwriting analysis expert determined that the two signatures were written by the same author.

The discrepancy in the affidavit of Natalie Green regarding the precise document that was used to compare the decedent's signature with the signature on the Beneficiary Change does not provide a sufficient basis for finding that Hartford engaged in fraud. There is no dispute in this case as to the validity of the decedent's signature on the Original Designation, so production of the original version of that document is not required here. Also, the pro se defendants do not dispute the authenticity of the decedent's signature on the "Swiss Re Group U.S. Employees' Savings Plan - Notice of Termination." Therefore, in the Court's view it is sufficient that the signature on the Beneficiary Change was compared to an earlier signature of the decedent, and that the two were found to match. The Court finds that it is much more likely that Green's incorrect statement as to which document was used for the signature comparison was the product of a mistake, rather than an attempt to intentionally mislead anyone.

In sum, the Court finds no substance the plaintiff's allegations of fraud on the part of Hartford. Accordingly, Hartford's motion for summary judgment is granted. Hartford is directed to deposit the sum of $50,000 with the Court registry in an interest bearing account within twenty days of the date of this Memorandum of Decision and Order. Upon payment of the funds with the Clerk of the Court, the plaintiff shall be released and discharged from any further liability to any party in this action or arising out of the group life insurance policy issued to Swiss Re, identified by policy number GL-044399. See 28 U.S.C. §§ 1335, 2361; Fed. R. Civ. P. 67.

### D. As to the Estate's Motion

Having determined that Hartford is entitled to deposit the proceeds of the Policy with the Court and be excused from further participation in this action, the Court retains jurisdiction under the interpleader statute to determine the party or parties to whom the insurance funds should be distributed. See N.Y. Life Ins. Co. v. Conn. Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1983); Aon Corp. v. Hohlweck, 223 F. Supp. 2d 510, 513-14 (S.D.N.Y. 2002). Thus, it is proper for the Court to determine the Estate's motion for summary judgment.

The Estate's cross-motion for summary judgment is denied without prejudice. As mentioned above, there is no indication on the electronic docket or in the courtesy copies provided to the Court that the Estate ever served the pro se defendants with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," as required

under Local Rule 56.2. The Court is concerned that the pro se defendants did not clearly understand their burden in opposing the Estate's motion, or that they fully had an opportunity to respond.

Shortly after the Estate filed its cross-motion for summary judgment, the pro se defendants requested a conference to clarify certain questions they had regarding the exchange of Rule 56.1 statements and the filing of the instant motions. On at least one occasion, Maureen Curran requested additional time to respond to the Estate's cross-motion. It is not clear that the pro se defendants were aware of their continuing obligation to respond to the Estate's cross-motion while their request for a conference was pending. Certainly, the pro se defendants did not formally respond to the cross-motion, and should be given another opportunity to do so. Accordingly, the Estate's cross-motion for summary judgment is denied, without prejudice.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the plaintiff's motion for summary judgment is granted; and it is further

**ORDERED**, that the plaintiff is directed to deposit the sum of $50,000 with the Court registry in an interest bearing account within twenty days of the date of this memorandum of decision and order. Upon payment of the funds with the Clerk of the Court, the plaintiff shall be released and discharged from any further liability to any

party in this action arising out of the group life insurance policy issued to Swiss Re, identified by policy number GL-044399; and it is further

**ORDERED**, that the cross-motion for summary judgment by the defendant Kathryn Einhorn, as Executrix of the Estate of Claire A. Mehring is denied without prejudice; and it is further

**ORDERED**, that the defendants are directed to appear at an in-court conference on October 5, 2006, at 9:00 a.m.

**SO ORDERED**.

Dated: Central Islip, New York
September 19, 2006

 */s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge